IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN MCKNIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1066-S |
| | § | |
| JACQUELYN WRIGHT, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE ORDER PERMITTING SERVICE OF PROCESS BY PUBLICATION**

Plaintiff Brian McKnight brings defamation claims against Defendant Jacquelyn Wright based on videos that Wright allegedly posted to YouTube. *See* Dkt. No. 1.

In response to the Court's July 30, 2025 order advising McKnight that its "records reflect that Plaintiff filed his complaint on April 30, 2025, but service of summons and complaint has not yet been made on Defendant as there are no returns of service in the record" and that, "[i]f such service is not accomplished by August 29, 2025, the claims against Defendant will be subject to dismissal without prejudice and without further notice, absent good cause shown," Dkt. No. 12 (citing FED. R. CIV. P. 4(c)(1); FED. R. CIV. P. 4(m); N.D. TEX. L. CIV. R. 4.1), McKnight moved the Court to permit service of process by publication on Wright, *see* Dkt. No. 13.

United States District Judge Karen Gren Scholer referred McKnight's non-dispositive motion to the undersigned United States magistrate judge. *See* Dkt. No. 14; 28 U.S.C. § 636(b)(1)(A).

For the following reasons, McKnight's motion is DENIED WITHOUT PREJUDICE.

"Pursuant to Federal Rule of Civil Procedure 4(e)(1), a party may be served by 'following state law for serving a summons.'" *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *2 (5th Cir. Feb. 14, 2022).

And Texas law allows for citation by publication:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, or that such defendant is absent from or is a nonresident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so, the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant or to obtain service of nonresident notice, as the case may be, before granting any judgment on such service.

TEX. R. CIV. P. 109.

Texas courts have stated the requirements of an affidavit sufficient for Rule 109 as:

> (1) A party or his attorney shall make oath that (2) the Residence of any party defendant is unknown to affiant (and to such party where the affidavit is made by his attorney), or that such defendant is a transient person, (3) AND that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, (4) or that such defendant is absent from or is a non-resident of the State, and that the party applying for the citation has attempted to obtain personal service of nonresident notice as provided for in Rule 108, but has been unable to do so. The clerk shall then issue citation for such defendant for service by publication.

*Leithold v. Plass*, 488 S.W.2d 159, 164 (Tex. Civ. App. – Houston [14th Dist.] 1972,

writ ref'd n.r.e.); *accord Hogan v. Goodwin*, No. 5:21cv144-RWS-JBB, 2025 WL 1551445, at *2 (E.D. Tex. Apr. 25, 2025 (Rule 109 "permits service of process by publication if a plaintiff, his agent, or his attorney provides, by affidavit, that: (1) either the defendant is a transient person or the affiant does not know the defendant's residence; and (2) either the defendant is absent from or a nonresident of Texas or, after due diligence, the affiant has been unable to locate the defendant's whereabouts; and (3) for service in another state, the party seeking service by publication has attempted to obtain personal service of nonresident notice as provided for in Texas Rule of Civil Procedure 108, but has been unable to do so." (cleaned up)), *rec. adopted*, 2025 WL 1550221 (E.D. Tex. May 30, 2025).

If a court does authorize citation by publication, then it can also "prescribe a different method of substituted service." TEX. R. CIV. P. 109(a).

And "a [Rule] 109a order authorizing a method of substituted service other than publication could authorize service by the very same method as a [Texas Rule of Civil Procedure] 106 order authorizing substituted service." *In Int. of E.D.*, 553 S.W.3d 101, 105 (Tex. App. – Fort Worth 2018, no pet.).

"Courts have noted that 'service by publication is the method of notice which is least calculated to bring to the potential defendant's attention the pendency of a judicial action.'" *Sun Life Assurance Co. of Can. v. McKinney*, No. 3:21-cv-2265-B, 2022 WL 256504, at *2 (N.D. Tex. Jan. 27, 2022) (cleaned up; quoting *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App. – Amarillo 1982, no writ)). And, so, "service through publication is not favored when it is both possible and practicable to more

adequately warn a defendant through other means." *Ancrum v. Lyft*, No. 3:23-cv-1740-S, 2023 WL 8482881, at *4 (N.D. Tex. Dec. 7, 2023) (cleaned up).

Especially for this reason, "[t]he trial court has a mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant." *Pearce*, 631 S.W.2d at 792 (cleaned up; citing *Wilson v. Rogers*, 343 S.W.2d 309, 323 (Tex. Civ. App. – Houston 1961, writ ref'd n.r.e.)).

And the "inquiry into reasonable diligence under Texas Rule of Civil Procedure 109 is focused on the content of affidavits." *Sun Life*, 2022 WL 256504, at *2 (cleaned up).

So, turning to the affidavit in support of McKnight's motion, authored by one of his attorneys, it sets out the following as to the efforts to ascertain the residence or whereabouts of Wright:

> Plaintiff is informed and believes the residence of Defendant is 1801 N. Pearl Street, Dallas, Texas, 75201. Attempts have been made to serve Defendant at this address. Defendant cannot, with reasonable diligence, be located within the State of Texas.
> On June 27, 2025, Plaintiff retained the professional services of Same Day Process Services, Inc. who attempted personal service of Plaintiff's Summons and Complaint upon Defendant at 7719 Wisconsin Ave, Bethesda, MD 20814, the location that was believed to hold an event put on by Defendant. The process server noted that it attempted service of process at 7:55 PM. There were no people or vehicles around the location and it appeared to be closed. The process server spoke with a passerby who informed the process server that they believe a there was a dance that night which did not begin until 9 pm.
> At 9:13 pm, the process server gained access to the building through an open door only to find the location empty. The process server found no lights on, other than some computer screens and TVs, but not in a manner that was preparing for any kind of event. The process server attempted to find any employee(s) but found none.

   The process server noted at 9:47 pm that no individuals had shown to the location and that the lights remained off. At 10:01 pm the process server ended the attempt to serve Defendant.
   On August 13, 2025, Plaintiff retained the professional services of Same Day Process Services, Inc. who attempted personal service of Plaintiff's Summons and Complaint upon Defendant at her resident address. The process server noted that it attempted service of process at 2:58 pm. Upon reaching the location, the process server spoke to a front desk staff member who stated that there was no resident with Defendant's name at the secured high-rise apartment complex.
   Prior to the process server attempting service on Defendant her resident home, a skip trace was performed. The skip trace was performed on August 12, 2025.
   Despite these efforts, Plaintiff has been unable to locate or serve Defendant through conventional means.
   These efforts have failed to locate Defendant or effect personal service.
   I believe Defendant may reside outside Texas or is intentionally avoiding service.

Dkt. No 13-1, ¶¶ 4-12.

To begin, to the extent that counsel's affidavit provides both that it is believed Wright resides at a certain address in Dallas (but has not been located in Texas because she "is intentionally avoiding service") and that it is believed Wright "may reside outside Texas," the affidavit does not comply with Rule 109, which, for example, "requires that the affidavit must state unambiguously that the residence is unknown to the affiant <u>and to such party</u> when the affidavit is made by his agent or attorney." *U.S. Bank Nat'l Ass'n v. Micheaux*, No. 3:23-cv-2692-S-BN, 2024 WL 4369226, at *3 (N.D. Tex. Sept. 30, 2024) (cleaned up; emphasis added; quoting *Deutsch Bank Nat'l Tr. Co. v. Navarro*, No. 5:18-CV-109, 2019 WL 13191726, at *2 (S.D. Tex. May 2, 2019) (further explaining that, "to satisfy the rule, [Plaintiff's attorney] must also swear that the residence is unknown to Plaintiff")); *see also Hogan*, 2025 WL 1551445, at *2 (providing that, for service in Texas, a Rule 109

- 5 -

affidavit must provide that "(1) either the defendant is a transient person or the affiant does not know the defendant's residence; and (2) either the defendant is absent from or a nonresident of Texas or, after due diligence, the affiant has been unable to locate the defendant's whereabouts").

But more important is whether the content of the affidavit sufficiently shows that McKnight has demonstrated a diligent search for Wright.

The Texas Supreme Court states that "a diligent search must include inquiries that someone who really wants to find the defendant would make" and that it must include "'obvious inquiries' a prudent investigator would have made." *In re E.R.*, 385 S.W.3d 552, 565 (Tex. 2012) (citing *In re S.P.*, 672 N.W.2d 842, 848 (Iowa 2003)).

And the diligence set out in the supporting affidavit does not meet this standard on multiple grounds that at least include the following reasons:

First, what is the basis for the statement that "Plaintiff is informed and believes the residence of Defendant is 1801 N. Pearl Street, Dallas, Texas, 75201"?

That is, absent further explanation for this belief, the Court cannot conclude that attempted personal service on Wright at this address fulfills (or even furthers) McKnight's burden to prove a reasonably diligent search. *Cf. Sun Life*, 2022 WL 256504, at *3 ("[T]he Court finds that King's statement in her affidavit that the Eric Lane address 'was confirmed by the Dallas Central Appraisal District' is not sufficient alone to prove a reasonably diligent search. While searching appraisal district records is some evidence of reasonable diligence, these searches are inherently limited because a successful search requires that the defendant own property in the county

covered by the database. For this reason, the Court is reluctant to conclude that 'someone who really wants to find' McKinney would rely exclusively on Dallas County Appraisal District records." (citations omitted)).

Second, while the affidavit provides that a "skip trace was performed on August 12, 2025," that testimony alone cannot support that a reasonably diligent search was performed where "[t]here is no explanation of what the alleged 'skip trace search' involved nor a description of any databases searched." *Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14-CV-192, 2014 WL 12586397, at *1 (S.D. Tex. Nov. 4, 2014).

And, so, there appears to be no basis for the conclusion that "Defendant may reside outside Texas or is intentionally avoiding service." *Cf. Sun Life*, 2022 WL 256504, at *3 (Claimed 'extensive efforts to contact [the defendant]' – even if properly presented in an affidavit – fails to provide enough detail for the Court to conclude that Sun Life's search was reasonably diligent." (citing *Longoria v. Exxon Mobil Corp.*, No. 04-15-00536-CV, 2016 WL 4013793, at *8 (Tex. App. – San Antonio, July 27, 2016, pet. denied) ("Substituted service may not properly issue on a motion supported by an affidavit that is conclusory or otherwise insufficient."); *Beach, Bait & Tackle, Inc., Store No. 2 v. Holt*, 693 S.W.2d 684, 686 (Tex. App. – Houston [14th Dist.] 1985, no writ) ("Mere statements of conclusion made by an officer that service was impractical is not sufficient to sustain the granting of substituted service."))).

SO ORDERED.

DATED: August 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE