# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| BRIAN MCKNIGHT § | |
| § | |
| v. § | CIVIL ACTION NO. 3:25-CV-1066-S |
| § | |
| JACQUELYN WRIGHT § | |

## ORDER OF DISMISSAL

Plaintiff filed this civil action on April 30, 2025. Summons was issued as to Defendant on April 30, 2025, but no return of service was filed in the record. By order dated July 30, 2025, the Court ordered Plaintiff to complete service of summons and complaint on Defendant by August 29, 2025, otherwise the action would be subject to dismissal without prejudice. *See* ECF No. 12. Subsequently, Plaintiff moved for leave to serve Defendant by publication. *See* ECF No. 13. On August 28, 2025, the Magistrate Judge denied without prejudice that motion. *See* ECF No. 15. As of the date of this Order, there are no returns of service and no further filings from Plaintiff in the record. The Court therefore determines that this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).[1]

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal

---

[1] Plaintiff has also failed to comply with Local Rule 83.10, which states that "local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district." N. D. TEX. CIV. R. 83.10.

with prejudice for failure to prosecute is appropriate where there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018); *see also Long*, 77 F.3d at 880; *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has not diligently prosecuted this civil action. Even following the Court's Order, which expressly warned Plaintiff that the case would be subject to dismissal without prejudice, Plaintiff failed to complete service of summons and complaint on Defendant. Under these circumstances, dismissal is warranted.

For the reasons stated, Plaintiff's claims and causes of action are hereby **DISMISSED WITHOUT PREJUDICE**, pursuant to Federal Rule of Civil Procedure 41(b), for want of prosecution.

**SO ORDERED.**

SIGNED September 29, 2025.

*[Signature: Karen Gren Scholer]*
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**